WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Ronald M. Arlas, Esq., SBN 59091
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200

WRIGHT, FINLAY & ZAK, LLP
Ronald M. Arlas, Esq. SBN 59091
907 Sir Francis Drake Blvd.
Kentfield, Ca. 94904
Tel: 415/230-4350; Fax: 415/455-0370
rarlas@wrightlegal.net

Attorneys for Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE, LLC, HSBC BANK USA, N.A. AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB3 erroneously sued as HSBC BANK USA, N.A.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET J. STURKEY,<br>　　　　Plaintiff<br>vs.<br>OCWEN LOAN SERVICING, LLC, et al.,<br>　　　　Defendants | Case No. 2:15-cv-00134-MCE-CKD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE<br><br>Date:　　March 19, 2015<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 7, 14th Floor |

///
///
///
///

# TABLE OF CONTENTS

|  |  | Page No. |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| A. | FRCP RULE 12(B)(6) STANDARD | 2 |
| B. | WESTERN, AS THE FORECLOSURE TRUSTEE, MUST BE DISMISSED FORTHWITH | 2 |
| C. | EXCEPT FOR THE FIRST CAUSE OF ACTION, THE REST OF THE COMPLAINT IS UNCERTAIN AND AMBIGUOUS AS TO WHICH DEFENDANT IS SUPPOSEDLY BEING CHARGED IN EACH CAUSE OF ACTION | 3 |
| D. | INDIVIDUAL CAUSES OF ACTION | 4 |
| | 1. The First Cause of Action | 4 |
| | 2. The Second Cause of Action | 5 |
| | 3. The Third Cause of Action | 7 |
| | 4. The Fourth Cause of Action | 8 |
| | 5. The Fifth Cause of Action | 9 |
| | 6. The Sixth Cause of Action | 10 |
| | 7. The Seventh Cause of Action | 11 |
| | 8. The Eighth Cause of Action | 12 |
| III. | CONCLUSION | 13 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

# TABLE OF AUTHORITIES

Page No.

Cases

*Ashcroft v Iqbal*,
129 S. Ct. 1937 (May, 2009),..................................................................................... 2

*Bank of the West v Superior Court*,
2 Cal. 4th 1254, 1263 (1992),..................................................................................... 8

*Bell Atlantic v Twombly*,
550 US 544, 127 S. Ct., 1955 (2007) ........................................................................ 2

*Boyles v. Kerr*,
855 S.W.2d 593, 594 (Tex.1993)); ......................................................................... 11

*Californians For Disability Rights v. Mervyn's, LLC*,
39 Cal.4th 223, 227, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006)). ............................... 6

*Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). ............................. 6

*Castaneda v Saxon Mortg. Services*,
(2009) 687 F. Supp. 2d 1191, 1202 ......................................................................... 5

*Chang Bee Yang v Sun Trust Mortg., Inc.*,
2011 WK 902108 at *5. ........................................................................................ 11

*Flores v EMC Mortgage*,
997 F. Supp. 2d 1088, 1103 (E.D. CA. 2014),......................................................... 4

*Gauvin v. Trombatore*,
682 F.Supp. 1067, 1071 (N.D.Cal.1988). ................................................................ 4

*Huggins v. Longs Drug Stores Cal., Inc.*,
6 Cal.4th 124, 24 Cal.Rptr.2d 587, 862 P.2d 148, 151 (1993). .............................. 10

*Khoury v. Maly's of Cal., Inc.*,
14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993)............................................... 6

*Marlene F. v. Affiliated Psychiatric Med. Clinic*,
48 Cal.3d 583, 257 Cal.Rptr. 98, 770 P.2d 278, 282 (1989)). ................................ 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

*Navarro v Block,*
   250 F.3d 729, 732 (9th Cir. 2002) .......................................................................................... 2

*Nymark v Heart Federal Savings & Loan,*
   231 Cal. App. 3d 1089 (1991) ............................................................................................... 9

*Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.,*
   2007 WL 4144892 at *5 .......................................................................................................... 6

*Pasadena Live v. City of Pasadena*
   (2004) 114 Cal.App.4th 1089, 1094, 8 Cal.Rptr.3d 233.) ..................................................... 9

*Potter v. Firestone Tire & Rubber Co.,*
   6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795, 807 (1993) ............................................ 11

*Ragland v US Bank N.A.*
   209 Cal. App. 4th 182, 205 (2012). .................................................................................. 9,11

*Rockridge Trust v Wells Fargo, N.A.*
   2013 WL 5428722 at 35-36 (N.D. Cal. Sept. 2013) ............................................................. 9

*Shell Oil Co. v. Richter,*
   (1942) 52 Cal. App. 2d 164 at 168 ...................................................................................... 12

*Smith v. City and County of San Francisco,*
   225 Cal. App. 3d 38, 49 (1990) ............................................................................................. 8

*State of California ex rel. Van de Kamp v. Texaco, Inc.*
   (1988) 46 Cal.3d 1147, 1169, 252 Cal.Rptr. 221, 762 P.2d 385.) ........................................ 7

*Van Dyke Ford, Inc. v. Ford Motor Co.,*
   399 F.Supp. 277, 284 (D.Wis.1975). .................................................................................... 4

*Williams v. Southern Pac. R. R. Co.,*
   150 Cal. 624 [89 Pac. 599].) ................................................................................................ 12


Statutes

Business and Professions Code §17204 .................................................................................. 7
Civil Code §47 ......................................................................................................................... 3
Civil Code  §2923.7 ................................................................................................................. 5
Civil Code §2924(b) ................................................................................................................ 3
Civil Code §2924.18 ............................................................................................................... 5

Other Authorities

1 Callmann, **Unfair Competi**tion Trademarks & Monopolies (4th ed. 1981) §§ 2.01–2.03.) .............. 8

Rules

FRCP Rule 12(b)(6). ........................................................................................................... passim
FRCP Rule 8(a)(2). ............................................................................................................. passim

## I. INTRODUCTION

On 12/16/2014, plaintiff JANET J. STURKEY ("plaintiff") filed her complaint in the California Superior Court in and for the County of Sacramento. Defendants OCWEN LOAN SERVICING, LLC ("OLS" or "Ocwen"), WESTERN PROGRESSIVE, LLC ("Western"), HSBC BANK USA, N.A. AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB3 erroneously sued as HSBC BANK USA, N.A ("HSBC"), collectively "defendants," were served on 12/22/14. Defendants removed this case to federal court, based on diversity on 1/16/15. Defendants now move forward with this Motion to Dismiss the complaint.

Plaintiff spends 7 and a half of the 16 pages of her complaint stating her view of the facts, but leaves out many additional facts that occurred and more fully explain the current status of this matter. What these seven pages boil down to is that plaintiff got into financial trouble in June, 2013. See ¶¶17-18 on pg. 5 of the complaint[1]. At that time, plaintiff alleges that she began to talk to OLS about a possible loan modification for the loan secured on her house located at 7376 Black Oaks Way, Citrus Heights, Ca. 95621 ("the Property"). Plaintiff then alleges that on 8/12/13, she got two letters from OLS. The first acknowledged getting a loan mod app from her and the second, and pivotal one, said that the investor on her loan did not allow loan modifications. See ¶¶19-20 on pg. 5. The rest of the factual allegations state the subsequent actions of plaintiff in her relationship with OLS and how she was supposedly given another chance initially to apply but then someone at SLS realized again that her loan was not eligible for a modification. See ¶29 on pg. 7. Plaintiff then proceeds to claim various legal theories of why OLS was not entitled to proceed with the foreclosure despite the fact that plaintiff had been told in August, 2013 that her loan was not eligible for a modification.

---

[1] All future references to pages and paragraphs are to those in the complaint unless otherwise indicated.

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING,
WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

It is defendants' position that none of the facts support the causes of action in the complaint and that they now bring this Motion to Dismiss ("MTD") to dismiss said complaint forthwith.

## II. ARGUMENT

### A. FRCP RULE 12(B)(6) STANDARD

It is axiomatic that a FRCP 12(b)(6) motion tests the legal sufficiency of a claim. See *Navarro v Block*, 250 F.3d 729, 732 (9th Cir. 2002). The leading case of *Bell Atlantic v Twombly*, 550 US 544, 127 S. Ct., 1955 (2007) set up the standard a court must use when reviewing a 12(b)(6) motion. The Supreme Court stated: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." 550 US at 555, 127 S. Ct. at 1964-65.

In *Ashcroft v Iqbal*, 129 S. Ct. 1937 (May, 2009), the Supreme Court quoted its language in *Twombly, supra*, as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter … 'to state a claim for relief that is plausible on its face.'" 129 S. Ct. at 1949. It then went to discuss the necessity for a complaint to go beyond simple legal conclusions pled as "facts." It said, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citation omitted) (Although for the purposes of a motion to dismiss we must take all of the factual allegations as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted))." *Iqbal*, 129 S. Ct. at 1949-1950.

### B. WESTERN, AS THE FORECLOSURE TRUSTEE, MUST BE DISMISSED FORTHWITH

Pursuant to ¶24 on pg. 6, plaintiff acknowledges in her verified complaint that defendant Western was appointed the foreclosure trustee, via a Substitution of Trustee ("SOT") on or about

12/27/2014[2]. Defendants are submitting concurrently hereto a Request for Judicial Notice ("RJN"). RJN Exh. 1 is a true and correct copy of that SOT, recorded 12/27/**2013.** A review of the complaint shows that Western was named in this complaint solely in its capacity as the foreclosure trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as Trustee. Again, from all of the allegations in the complaint, it is clear that Western has not been involved in any way with the Property outside of its capacity as Trustee, and has no interest in the Property, except to be named as the Substitute Trustee under the deed of trust encumbering the property by way of Substitution of Trustee.

A foreclosure trustee's conduct, including the recording of the substitution of trustee and foreclosure notices, is privileged pursuant to Civil Code §§47 and 2924(d). Thus, pursuant to Civil Code §2924(b) the foreclosure trustee incurs no liability for reliance in good faith on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation. Furthermore, the complaint makes no credible allegations that Western failed to perform any of its duties as a Trustee, nor does it allege any malicious or illegal conduct by Western against plaintiff during the foreclosure process.

Based on the above, Western would submit that, at a minimum, it should be dismissed with prejudice from this lawsuit. If granted, Western would obviously be bound by any non-monetary Order or Judgment issued by this Court.

C. **EXCEPT FOR THE FIRST CAUSE OF ACTION, THE REST OF THE COMPLAINT IS UNCERTAIN AND AMBIGUOUS AS TO WHICH DEFENDANT IS SUPPOSEDLY BEING CHARGED IN EACH CAUSE OF ACTION.**

Except for the First Cause of Action, the biggest problem with plaintiff's complaint is that she uses the word "defendants", plural, throughout the rest of the complaint, despite the fact that

---

[2] Like other references to dates in the complaint, plaintiff does not have the right date for the recordation of the SOT in

- 3 -

there are three different named defendants, each with their particular role regarding plaintiff's Loan. FRCP Rule 8(a)(2) states,

> **"(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> (1)///
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and"

This complaint fails to allege a "plain statement" because plaintiff fails to differentiate between the named plaintiffs throughout the document. Instead, plaintiff continuously lumps all of the named defendants together under the word "defendants", plural, and makes all of her operative allegations against the group of defendants as one. Defendants are entitled to a plain statement stating specifically what allegations are applicable to each of them individually. None of the defendants are required to guess which allegations apply to it and which don't. As stated in *Flores v EMC Mortgage*, 997 F. Supp. 2d 1088, 1103 (E.D. CA. 2014),

"The complaint lumps defendants (and apparently others) together and fails to distinguish adequately claims and alleged wrongs among defendants and others. <u>A plaintiff suing multiple defendants "must allege the basis of his claim **against each defendant** to satisfy Federal Rule of Civil Procedure 8(a)(2),</u> which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal.1988). "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (D.Wis.1975)." [Emphasis added.]

Thus, with regards to the Second through the last cause of action, the Eighth Cause of Action, they all must be dismissed for failure to comply with FRCP Rule 8(a)(2).

### D. INDIVIDUAL CAUSES OF ACTION

1. THE FIRST CAUSE OF ACTION

The First Cause of Action is for an alleged violation of HOBR. Though plaintiff alleges it is against "all defendants" [see pg. 8, lines 9-11], the actual pleadings only mention Ocwen. Nowhere

---

her complaint. The correct date is 12/27/2013. See RJN Exh. 1.

- 4 -

in this First Cause of Action is either Western or HSBC even mentioned. In fact, this is the only cause of action in which plaintiff doesn't even use the word "defendants", plural.

Secondly, plaintiff cites to two parts of HOBR, CC §2924.18 and 2923.7 as the basis of this cause of action. See ¶¶37 & 39 on pg. 8, respectively. However, plaintiff admits in these two paragraphs that the quoted code sections only apply to mortgage servicers. However, only Ocwen is a mortgage servicer amongst the three named defendants. See ¶¶23 & 24 on pg. 6 of the verified complaint. "). RJN Exh. 2 is a true and correct copy of the Assignment by MERS making HSBC the new beneficiary of plaintiff's loan. RJN Exh. 1 already shows that Western is only the foreclosure trustee.

Since the legal underpinnings of the First Cause of Action, CC §2924.18 and 2923.7, only apply to mortgage servicers, and plaintiff has not nor can she allege that HSBC and Western are mortgage servicers, this First Cause of Action must be dismissed as to those two defendants for failure to state a claim upon which relief can be granted without leave to amend. FRCP Rule 12(b)(6).

2.   THE SECOND CAUSE OF ACTION

The Second Cause of Action is for alleged violations of B&P §17200 against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

Secondly, there are no specific factual allegations stating which of the three prongs of §17200 each particular defendant supposedly violated. See, for example, ¶47 on pg. 10 wherein plaintiff just alleges that "defendants" violated California's "foreclosure procedure statutes", without stating specifically which statutes. As summarized in *Castaneda v Saxon Mortg. Services*, (2009) 687 F. Supp. 2d 1191, 1202

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

> "California's UCL, prohibits "any unlawful, unfair, or fraudulent business act or practice." *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] <u>plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation.</u>" *Khoury v. Maly's of Cal., Inc.,* 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).
>
> Plaintiffs' claim under the UCL is vague and conclusory, simply alleging that "[d]efendants' acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices." (FAC ¶ 111.) Plaintiffs identify no specific practices of MERS or Saxon that they find to be "unfair" or "deceptive" in their cause of action." [Emphasis added.]

In this present case, plaintiff fails to allege any "unfair, deceptive or fraudulent" activity against any of the defendants with the requisite particularity as required under B&P §17200.

Furthermore, this Second Cause of Action fails to comply with the requirements of Prop. 64, which amended §17200 in 2004. As stated in *Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, 2007 WL 4144892 at *5,

> "However, after Proposition 64, which California voters approved at the 2004 General Election, a private person or entity has standing to sue only if he or she "<u>has suffered injury in fact and has lost money or property</u> *as a result of* <u>such unfair competition</u>." (§ 17204, as amended by Prop. 64, § 3; see also *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 227, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006)). Thus, the language of the UCL, as amended by Proposition 64, makes clear that a showing of causation is required as to each representative plaintiff. ("Actions for any relief ... shall be prosecuted exclusively ... by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus, & Prof.Code § 17204)." [Emphasis added.]

In this case, plaintiff admits to defaulting on her loan. She also admits to getting a letter in August, 2103 indicating that her loan was ineligible for a modification. The Notice of Sale ("NOS") in the pending foreclosure action was recorded on 12/9/2014. See RJN Exh. 3. Nowhere in her complaint does plaintiff allege that any of these defendants stopped her from exploring other foreclosure alternatives in the almost 18 months between when she first was informed that a loan mod was not available as a foreclosure alternative and the recordation of the NOS. By not stating any such allegations, and therefore failing to allege what actions of "defendants", plural, constituted "unfair competition," plaintiff has failed to allege one of the key requirements of a §17200 claim,

-6-

namely that she "suffered injury and lost money as a result of such unfair competition." B&P §17204.

Finally, §17200 requires allegations of a business <u>practice or pattern</u>. One possible incident does not constitute a "practice or pattern." As stated in *Hewlet v Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519 (1997),

> "The use of the phrase "business practice" in section 17200 indicates that the statute is directed at ongoing wrongful conduct. (*State of California ex rel. Van de Kamp v. Texaco, Inc.* (1988) 46 Cal.3d 1147, 1169, 252 Cal.Rptr. 221, 762 P.2d 385.) As the California Supreme Court explained: "<u>[T]he 'practice' requirement envisions something more than a single transaction</u> ...; it contemplates a 'pattern of conduct' [citation], 'on-going ... conduct' [citation], 'a pattern of behavior' [citation], or 'a course of conduct.' ..." (*Id.* at pp. 1169–1170, 252 Cal.Rptr. 221, 762 P.2d 385.)" [Emphasis added.]

Plaintiff fails to itemize any practices that might constitute unfair business practices by any of the named defendants. Pursuant to *Hewlet, supra*, a reference to one mere incident does not make that incident a "pattern or practice" subject to liability under §17200.

Based on all of the above, this Second Cause of Action should be dismissed pursuant to FRCP Rule 12(b)(6).

3.   THE THIRD CAUSE OF ACTION.

The Third Cause of Action is for alleged common law unfair competition against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

This cause of action also greatly suffers from a failure to allege facts, as opposed to generalized conclusionary statements against each particular defendant. See, for example, ¶56 on pg. 11 wherein plaintiff merely states, "Defendants' conduct as herein described, has damaged and will continue to damage Plaintiff and has resulted in losses to Plaintiff and an illicit profit or gain to Defendants ..." What conduct? What damages and losses supposedly suffered by plaintiff? RJN

-7-

namely that she "suffered injury and lost money as a result of such unfair competition." B&P §17204.

Finally, §17200 requires allegations of a business <u>practice or pattern</u>. One possible incident does not constitute a "practice or pattern." As stated in *Hewlet v Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519 (1997),

> "The use of the phrase "business practice" in section 17200 indicates that the statute is directed at ongoing wrongful conduct. (*State of California ex rel. Van de Kamp v. Texaco, Inc.* (1988) 46 Cal.3d 1147, 1169, 252 Cal.Rptr. 221, 762 P.2d 385.) As the California Supreme Court explained: "<u>[T]he 'practice' requirement envisions something more than a single transaction</u> ...; it contemplates a 'pattern of conduct' [citation], 'on-going ... conduct' [citation], 'a pattern of behavior' [citation], or 'a course of conduct.' ..." (*Id.* at pp. 1169–1170, 252 Cal.Rptr. 221, 762 P.2d 385.)" [Emphasis added.]

Plaintiff fails to itemize any practices that might constitute unfair business practices by any of the named defendants. Pursuant to *Hewlet, supra*, a reference to one mere incident does not make that incident a "pattern or practice" subject to liability under §17200.

Based on all of the above, this Second Cause of Action should be dismissed pursuant to FRCP Rule 12(b)(6).

3.   THE THIRD CAUSE OF ACTION.

The Third Cause of Action is for alleged common law unfair competition against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

This cause of action also greatly suffers from a failure to allege facts, as opposed to generalized conclusionary statements against each particular defendant. See, for example, ¶56 on pg. 11 wherein plaintiff merely states, "Defendants' conduct as herein described, has damaged and will continue to damage Plaintiff and has resulted in losses to Plaintiff and an illicit profit or gain to Defendants ..." What conduct? What damages and losses supposedly suffered by plaintiff? RJN

-7-

Exh. 4 is a true and correct copy of the Notice of Default ("NOD") recorded more than a year ago on 1/16/2014. It shows that plaintiff owed $10,058.87 as of 1/9/2014. Plaintiff cannot allege that she has suffered any damages in light of her failure to pay on her mortgage nor can she allege that defendants made any "illicit profit or gain" given that HSBC has been losing money since plaintiff's nonpayment of her mortgage.

Finally, plaintiff fails to meet any of the requirements for a claim of common law unfair competition. As noted in the seminal case of *Bank of the West v Superior Court*, 2 Cal. 4th 1254, 1263 (1992), the CA. Supreme Court stated,

> "The common law tort of unfair competition is generally thought to be synonymous with the act of "passing off" one's goods as those of another. The tort developed as an equitable remedy against the wrongful exploitation of trade names and common law trademarks that were not otherwise entitled to legal protection. (See generally 1 Callmann, Unfair Competition Trademarks & Monopolies (4th ed. 1981) §§ 2.01–2.03.) According to some authorities, the tort also includes acts analogous to "passing off," such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market. (See Rest., Torts, §§ 711–743; see also 1 Callmann, *supra*, § 2.04.)"

Plaintiff has failed to allege any actions by any of the defendants constitute the tort of "unfair competition" as to her situation. As such, this Third Cause of Action fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6).

4.   THE FOURTH CAUSE OF ACTION

The Fourth Cause of Action is for alleged breach of the covenant of good faith and fair dealing ("the Covenant") against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

More importantly, this cause of action fails the basic prerequisite for such a claim because there are no allegations of a breach of a particular contract. As stated in *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990)

> "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair

dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."

In fact, the claim for a breach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract. As stated in *Ragland v US Bank, N.A.*, 209 Cal. App. 4th 182, 206 (2012),

"The implied covenant of good faith and fair dealing is a contractual relationship and does not give rise to an independent duty of care. Rather, " '[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.' " (*Pasadena Live v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1094, 8 Cal.Rptr.3d 233.) Outside of the insured-insurer relationship and others with similar qualities, breach of the implied covenant of good faith and fair dealing does not give rise to tort damages. [extensive citations omitted; italics in original]

This Fourth Cause of Action really has only one operative paragraph made up of one sentence. See ¶59 on pg. 12. Because there are no allegations concerning an alleged breach of an express contract, there can be no claim for a breach of the implied covenant of good faith and fair dealing. This Fourth Cause of Action fails to state a claim upon which relief can be granted.

5.   THE FIFTH CAUSE OF ACTION

The Fifth Cause of Action is for alleged negligence against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

The second issue is whether or not plaintiff has or can plead the necessary "duty" required for any negligence claim. OLS would submit that the law is unambiguous on this point, namely that it did not owe a duty to plaintiff because all of its actions were in the course and scope of its role as the servicer of the Loan. This principle was first enunciated in the oft-quoted case of *Nymark v Heart Federal Savings & Loan*, 231 Cal. App. 3d 1089 (1991). It has been followed ever since. See for example *Rockridge Trust v Wells Fargo, N.A.* 2013 WL 5428722 at 35-36 (N.D. Cal. Sept. 2013) which held that the loan modification process is a traditional money lending activity and therefore, it

-9-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

does not give rise to a duty of care. Without this duty of care imposed on OLS, there can be no cause of action for negligence alleged against it. FRCP Rule 12(b)(6).

In addition, plaintiff cannot meet the proximate cause requirement for a negligence claim. The only paragraph dealing with alleged damages is ¶65 on pg. 13. However, all this paragraph says is that unknown actions by "defendants" caused her "monetary loss, severe emotional stress at the loss of Plaintiff's home, loss of equity, and more." None of these alleged damages were caused by OLS. If they exist, they are all a function of the admitted financial problems suffered by plaintiff in ¶17 on pg. 5, which lead to her defaulting on her loan. Furthermore, plaintiff admits that she got a letter on 8/12/13 that her loan was not eligible for a loan mod. Thus, from that time forward, plaintiff knew that she was not going to get a mod, yet she still lives in the Property, and has lived there for free all this time. Such a factual situation does not support a claim for damages.

As such, this Fifth Cause of Action fails to state a claim upon which relief can be granted.

6.   THE SIXTH CAUSE OF ACTION

The Sixth Cause of Action is for alleged negligence infliction of emotional distress against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

For the same reasons that plaintiff cannot allege a claim for negligence against any of these defendants, she cannot allege a claim for negligent infliction of emotional distress against the named defendants. Plaintiff/borrowers have attempted to assert this type of claim for years. They have consistently been denied by the courts. As pointed out in Mehta v Wells Fargo Bank, N.A., 7373 F. Supp. 2d 1185, 1203 (2010),

> "Negligent infliction of emotional distress, on the other hand, "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal.4th 124, 24 Cal.Rptr.2d 587, 862 P.2d 148, 151 (1993). The relevant "duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special

- 10 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

relationship." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795, 807 (1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic,* 48 Cal.3d 583, 257 Cal.Rptr. 98, 770 P.2d 278, 282 (1989)). "The existence of a duty is a question of law." *Huggins,* 24 Cal.Rptr.2d 587, 862 P.2d at 151 (citing *Marlene F.,* 257 Cal.Rptr. 98, 770 P.2d at 281). However, "there is no duty to avoid negligently causing emotional distress to another, and ... damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff." *Potter,* 25 Cal.Rptr.2d 550, 863 P.2d at 807 (citing *Boyles v. Kerr,* 855 S.W.2d 593, 594 (Tex.1993)); *see also id.* at 807–08 ("[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."). However, even when the defendant breaches some other duty, that "breach of the duty must [, with rare exceptions,] threaten physical injury, not simply damage to property or financial interests." *Id.* at 808." [Emphasis added.]

See also *Ragland v US Bank N.A.* 209 Cal. App. 4th 182, 205 (2012).

Like the Fifth Cause of Action, the allegations contained herein constitute just five sentences spread out over five paragraphs. None of these five sentences allege facts to support any allegations of either a duty owed by defendants to plaintiff or the necessary proximate cause between defendants' alleged actions and plaintiff's supposed damages. As such, this Sixth Cause of Action fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6).

7.   THE SEVENTH CAUSE OF ACTION

The Seventh Cause of Action is for declaratory relief against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

Beyond the violation of FRCP Rule 8(a)(2), there is a fundamental pleading flaw in this cause of action. Specifically, a declaratory relief order can only work prospectively. It does not work on events that have already happened. As the court stated in *Chang Bee Yang v Sun Trust Mortg., Inc.,* 2011 WK 902108 at *5. "...declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs. (citations omitted). Therefore, '[w]here there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate.'

(citations omitted)"

In the allegations in this Seventh Cause of Action, plaintiff only refers to past events that have already transpired. Thus, declaratory relief is not available based on past actions that may never occur again. As such, this Seventh Cause of Action fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6).

8. THE EIGHTH CAUSE OF ACTION

The Eighth Cause of Action is for injunctive relief against all defendants. As noted above, this cause of action uses the words "defendants", plural, throughout and therefore violates FRCP Rule 8(a)(2).

However, there is no cause of action for injunctive relief in California. As stated in *Shell Oil Co. v. Richter*, (1942) 52 Cal. App. 2d 164 at 168

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted. (*Williams v. Southern Pac. R. R. Co.,* 150 Cal. 624 [89 Pac. 599].)"

Based on this, this Eighth Cause fails to state a claim upon which relief can be granted. It should be dismissed without leave to amend. FRCP Rule 12(b)(6).

///

///

///

///

///

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

### III. CONCLUSION

In sum, Western should be dismissed forthwith as plaintiff cannot allege any liability on the part of the foreclosure trustee. In addition, none of the causes of action are well pled as against the other named defendants. Besides the issue of using the word "defendants", plural, throughout the complaint, all of the causes of action are legally deficient in that they fail to state a claim upon which relief can be granted. As such, this entire complaint and each and every cause of action should be dismissed without leave to amend.

Dated: January 21, 2015

Respectfully submitted,
WRIGHT, FINLAY & ZAK, LLP

By: ___/s/Ronald M. Arlas, Esq.___
T. Robert Finlay, Esq.,
Ronald M. Arlas, Esq., Attorneys for
Defendants Ocwen Loan Servicing, LLC,
Western Progressive, LLC and HSBC USA, NA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT BROUGHT BY DEFENDANTS OCWEN LOAN SERVICING, WESTERN PROGRESSIVE AND HSBC BANK, USA, AS TRUSTEE

# CERTIFICATE OF SERVICE

I, Catherine Lawler, declare as follows:

I am employed in the County of Marin, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 907 Sir Francis Drake Blvd., Kentfield, CA 94904.

On January 21, 2015, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT** on all interested parties in this action as follows:

Marc Applbaum, Esq.
KETTNER LAW CORPORATION
2150 West Washington Street, Suite 104
San Diego, CA  92110
Telephone:   (619) 756-7300
Fax:         (888) 809-4658
E-Mail:      marc@kettnerlawcorp.com

**Attorneys for Plaintiff**
**JANET J. STURKEY**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing and E-Mail) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing.

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 21, 2015, at Kentfield, California.

*Catherine Lawler*
Catherine Lawler